SAMUEL SCHEFRIN, PLAINTIFF-RESPONDENT, v. JOSEPH GIRESI ET AL., DEFENDANTS; JOHN C. TELSON, DEFENDANT-APPELLANT.

Submitted October 7, 1941—Decided January 5, 1942.

Before Justices PARKER, DONGES and COLIE.

For the plaintiff-respondent, *I. Robert Schefrin* and *Murray A. Laiks.*

For the defendant-appellant, *E. Gustave Greenwald* and *Harry Pett.*

The opinion of the court was delivered by

DONGES, J. Plaintiff-respondent sued to recover the balance due on a promissory note, on which defendant-appellant

was endorser. Judgment was entered for plaintiff in the sum of $48.50, the amount alleged to be due on the date of trial.

The record and state of case as settled by the trial court is meagre and unsatisfactory. We determine the question raised on the state of case as submitted.

Admittedly, appellant was an endorser on the note sued on. The note was a demand note and was dated February 14th, 1939, in the sum of $105. It was stipulated by counsel that "notice of protest of the note was not given until the first day of May, 1940." There is no proof or finding of a demand for payment at Peoples Bank and Trust Co., Passaic, New Jersey, the designated place of payment, or elsewhere.

*R. S.* 7:2-102 provides:

"Notice may be given as soon as the instrument is dishonored; and unless delay is excused as hereinafter provided, must be given within the times fixed by this subtitle."

*R. S.* 7:2-103 provides for the giving of notice of dishonor when parties reside in the same place, and requires such notice to be given or mailed before the end of the day following dishonor.

*R. S.* 7:2-104 provides for the giving of notice where the parties reside in different places, and provides:

"I. If sent by mail, it must be deposited in the post office in time to go by mail the day following the day of dishonor, or, if there be no mail at a convenient hour on that day, by the next mail thereafter;

"II. If given otherwise than through the post office, then within the time that notice would have been received in due course of mail, if it had been deposited in the post office within the time specified in paragraph I of this section."

The most that appears in this case is that appellant endorsed the note; that $48.50 remains due; that on May 1st, 1940, appellant received notice of dishonor. This is not sufficient to fix liability on an endorser, under the terms of the statute, no proof of demand for payment and notice of dishonor being given within the statutory limits.

The judgment is reversed, with costs.